UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In Re:

LODGE NORTH INVESTORS-07, LLC

                              Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Chapter 11

Case No. 11-22429-RDD

## **ORDER CONDITIONING DEBTOR'S USE OF CASH COLLATERAL**

Upon Lodge North Investors-07, LLC's (the "Debtor") *Application for an Order Pursuant to Section 363(c)(2)&(3) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) Authorizing the Interim Use of Cash Collateral*, dated March 24, 2011 (the "Cash Collateral Application") [doc. no. 14], the Court's *sua sponte Request for Notice of Hearing on Dismissal*, dated March 11, 2011 [doc. no. 3] (the "Dismissal Motion"), the *Joinder and Supplement of Sovereign Bank to Sua Sponte Motion of Court to Dismiss Case, or In the Alternative, Relief from the Automatic Stay to Allow Sovereign Bank to Pursue Foreclosure and Confirming this Case as a Single Asset Real Estate Case,* dated March 23, 2011 [doc. no. 12], *Sovereign Bank's First Request for Production and Inspection of Documents on an Expedited Basis*, dated April 1, 2011, and the *Objection of Sovereign Bank to Debtor's Application for Use of Cash Collateral,* dated April 5, 2011 (the "Cash Collateral Objection" [doc. no. 19], together with the Dismissal Motion and Cash Collateral Application, the "Motions"); and the Dismissal Motion having been withdrawn; and their being due and sufficient notice of the Motions with the exception of Sovereign Bank's Joinder in the Dismissal Motion; upon the record of the hearing held before the Court on April 12, 2011 (the "Hearing"), at which the Debtor appeared through its attorney, Law Offices of David Carlebach, by David Carlebach Esq., Sovereign Bank, appeared through its attorney, Ruskin Moscou Faltischek, P.C., by Jeffrey A. Wurst, Esq.; and

the U.S. Trustee appeared through her attorney, Andrew Velez-Rivera, Esq.; and the Court having jurisdiction to consider the Motions and the relief requested therein in accordance with 28 U.S.C. §§ 157(a) and 1334(a); and consideration of the Motions and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having represented at the Hearing that it intends to seek to dismiss this case under 11 U.S.C. § 1112(b); and the Court having found and determined that the relief set forth below is in the best interests of the Debtor, its estate and creditors, and all parties in interest; and that the legal and factual bases set forth in the pleadings and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the relief requested in the Cash Collateral Application is denied except to the extent provided below; and it is further

ORDERED, that in order to avoid irreparable harm and adequately protect the interests of Sovereign Bank in its asserted collateral, the Debtor is authorized to use the cash collateral of Sovereign Bank only for (i) necessary repairs and costs of the premises known as 452 Moss Trail, Goodlettsville, Tennessee (the "Premises") and (ii) for the salary of necessary support staff only, through and including April 20, 2011, provided that prior to using any cash collateral the Debtor first provide written bills receipts and/or such other backup in support of such request (each a "Cash Collateral Request") upon counsel for Sovereign Bank, Ruskin Moscou Faltischek, P.C., East Tower, 15th Floor, 1425 RXR Plaza, Uniondale, NY 11556-1425, Attention: Jeffrey A. Wurst, 516-663-6600, jwurst@rmfpc.com; and it is further

ORDERED, that the Debtor is enjoined and restrained from any other use of cash collateral, which it shall segregate; and it is further

2

ORDERED, that Sovereign Bank shall approve or disapprove a Cash Collateral Request within five (5) hours of its receipt of same provided that such request is made no later than 5:00 p.m. E.D.T. on any week day; and it is further

ORDERED, that if the Debtor and Sovereign Bank cannot agree on a Cash Collateral Request, the parties may contact chambers and request an emergency telephonic hearing; and it is further

ORDERED, that the Debtor or its counsel shall provide Sovereign Bank with full details of all monies received and disbursed since March 9, 2011 (the "Petition Date"), such details of monies received to include the date received, the name, apartment description and amounts received from each tenant as well as the rental amount to be earned for each such apartment and such details of monies disbursed to include the date of each payment, check number, amount, payee with a copy of the actual invoice paid and details of any paystub (in the event a payment was made for any salary), with each of the preceding to be delivered to Sovereign's counsel at the e-mail address set forth above or by courier, so as to be received no later than 2:00 p.m. on April 15, 2011; and it is further

ORDERED, that on or before 5:00 p.m. on April 15, 2011, to the extent, if at all, not provided under the immediately preceding decretal paragraph, the Debtor or its counsel shall deliver so as to be received by Sovereign's counsel either at the e-mail address set forth above or by courier, true copies of any and all (i) cash receipts journals or reports, (ii) cash disbursements journals, (iii) rent rolls, (iv) rent arrears reports, (v) pleadings filed in pending landlord-tenant actions, (vii) bank statements, (viii) the name, address and account numbers of all of the Debtor's bank accounts existing prior to and following the Petition Date, including, but not limited to, all DIP accounts opened by the Debtor; and (ix) insurance certificates, such reports

3

and documents to cover all cash collateral received or disbursed since the Petition Date; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Final Order.

Dated: White Plains, New York
April 14, 2011

/s/Robert D. Drain
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

513725